# Middleton *v.* Hoffman, Appellant.

*Contract—Parties—Corporations—Suit against individual.*

An action for goods sold and delivered against "William H. Hoffman, trading as W. H. Hoffman Co.," cannot be sustained where the defendant testified that he was president of W. H. Hoffman Co., a corporation, that he did not buy the goods on his own account nor promise to pay for them, and the record shows that

the goods were charged in plaintiff's book account to W. H. Hoffman Co., that no controversy was raised either by the pleadings or at the trial as to the fact that the W. H. Hoffman Co. was a corporation, and there is no positive evidence that the plaintiff dealt with the defendant as an individual, except that in the application for the building permit for which building the goods were furnished, there was contained a statement by a third person, not produced by either party at the trial, that William H. Hoffman was the contractor for the work.

Argued Nov. 24, 1915, Appeal, No. 39, Oct. T., 1915, by defendants, from judgment of Municipal Court, Philadelphia Co., May Term, 1914, No. 433, on verdict for plaintiff in case of Allen C. Middleton and William DeCou, Jr., Ancillary Executors of the Estate of Richard DeCou, deceased, v. William H. Hoffman, trading as W. H. Hoffman Co. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit for goods sold and delivered. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $163. Defendant appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*Edgar J. Pershing,* with him *D. Arthur Magaziner,* for appellant, cited: Burford v. McCue, 53 Pa. 427; Wolf v. Solomon, 59 Pa. Superior Ct. 255; Bank v. Donaldson, 6 Pa. 179; Lindsay v. Scroggs, 2 Rawle 141; Longenecker v. Hyde, 6 Binney 1; Stephenson v. Grim, 100 Pa. 70; Grim v. Bonnell, 78 Pa. 152.

*C. W. Conard,* of *Conard, Middleton & Orr,* for appellee.

OPINION BY HEAD, J., July 18, 1916:

The plaintiff's testator furnished certain structural material to a building operation in the City of Philadelphia. After his death his personal representatives brought this suit to recover the reasonable value of the material as shown by the book account of their testator, on which account the action was based. Recovery was sought against an individual defendant, William H. Hoffman. The copy of the book account attached to the plaintiffs' statement shows no charge against that individual. On the contrary it declares, prima facie at least, the debtor to have been "W. H. Hoffman Co." To lay the ground for the introduction of proof necessary to explain this apparent discrepancy and establish the liability of the defendant sued, the statement avers he traded and did business as W. H. Hoffman Co.; that the material was sold and delivered to him and that he promised to pay for the same. In his answer or affidavit of defense the defendant denies all of these averments; declares he "never knew or saw or communicated in any way with DeCou," plaintiffs' testator; that he was employed by a corporation, "the W. H. Hoffman Co.," but that "prior to the date of the alleged purchase of said goods he had resigned his position with said corporation and was not at that time employed by it." At the conclusion of the trial a point praying for a binding direction in favor of the defendant was offered and refused and the exception taken to this action of the court brings before us the whole of the evidence and the question of its legal sufficiency to charge the defendant with liability. As briefly as possible we shall attempt to review the salient features of the line of proof exhibited by the record.

The building operation for which the material sued for was furnished was an alteration and improvement of certain property owned by George H. Earle. A contract in writing was entered into on the 25th of September, 1911, between the W. H. Hoffman Co. (hereinafter designated the contractor) and the said owners. That con-

tract was signed in this manner, "W. H. Hoffman Co., per W. H. Hoffman, Pres., J. B. Barbarita, Sec., and Felix Isman, Inc., as the agent for the owner." It has attached to it the corporate seal of the Hoffman Company, exhibiting these words and date: "W. H. Hoffman Co., Inc., Feb. 20, 1903, Pittsburgh, Pa." On or about October 3d an application was made to the proper department of the city government for the permit necessary to authorize the beginning of the work. According to what appears on the face of this application, it was made by one F. C. Fisher, to whom we shall later refer. It states the owner to be G. H. Earle; the architect W. H. Hoffman, and in giving the name of the contractor in the next blank space there is used what, for want of a better expression, may be called ditto marks under the name of W. H. Hoffman in the line above.

In the order of time the transaction into which we are inquiring begins, so far as the plaintiff is concerned, with the visit of his clerk to an office in the Mint Arcade, upon the door of which appeared the sign, W. H. Hoffman Co. Although he did not recollect whether he had been sent there by his employer or not, he went for the purpose of seeing the plans of the proposed alteration and improvement and making therefrom an estimate of the material that would be required and the cost thereof. Having prepared this estimate, he mailed it to the William H. Hoffman Company. Later he met the representative of the company on the job. This man, who advised him of the acceptance of his estimate or bid, was F. C. Fisher. When asked what business the W. H. Hoffman Company was engaged in, the witness answered, "architects principally. We knew them as architects." He never met the present defendant with relation to the business now in controversy. The following question and answer disclose his view of what transpired: "Q.— And you understand that the W. H. Hoffman Company were the architects? A.—Yes, sir; and that they ordered that material. That was the positive statement of

Mr. Fisher whom I met, that they were ordering this and that it would be paid for by the W. H. Hoffman Company." A witness, Satterthwaite, testified he was a collector and estimator for the plaintiffs. He went to the office of the Hoffman Company several times after the material had been sold and delivered and saw Mr. Fisher. He was told by the latter the matter would be taken up with the Pittsburgh office and that he, Mr. Fisher, would see Mr. Hoffman. On cross-examination his conclusion concerning the situation is revealed in this question and answer: "Q.—You didn't understand from what he (Fisher) said that Mr. Hoffman would personally or individually pay the bill? A.—It was the W. H. Hoffman Company that was to pay it."

We might here note that F. C. Fisher, to whom the witness referred, was not produced by either party at the trial. His brother, Edward Fisher, who was engaged in the coal business and had his office in a separate building, testified that at the instance of his brother he received and disbursed certain moneys of the W. H. Hoffman Company. This was while Mr. Hoffman, the defendant, who himself testifies he was president of the company for a time, was sick and absent. When asked whose business was being conducted at the office in the Mint Arcade building, the witness replied the W. H. Hoffman Company, and stated that he recognized Mr. Hoffman as the head of the company, but who else was with him he did not know. One or two other witnesses were called by the plaintiffs but the three mentioned were the most important. As we understand it, we have recited the portions of their testimony on which the liability of the defendant, if there be such liability, is to be predicated.

No controversy was raised either by the pleadings or on the trial as to the fact the W. H. Hoffman Company was a corporation. The record is entirely silent as to who paid the rent for the office building, who caused the company's name to be placed on its door, who employed

F. C. Fisher and paid his wages or salary, how the bank account of the company or corporation was kept and its moneys disbursed, and discloses not a single transaction in which the present defendant had ever engaged using the name W. H. Hoffman Company as his trade or business name. With the exception then of the single scrap of testimony to which we have referred showing that in the application for the building permit there was contained a statement made by F. G. Fisher that William H. Hoffman was the contractor for the work, we are unable to see anything that amounts to evidence legally sufficient to support a finding of the all-important fact that this defendant traded and did business as the W. H. Hoffman Co. His own testimony as to his status is clear and satisfactory and was not contradicted by that of any witness.

Under these circumstances we cannot escape the conclusion the plaintiff has failed in the attempt to prove that the W. H. Hoffman Company, to which the materials were charged, whose receipt therefor at the operation was taken, was but another name for and description of the individual William H. Hoffman here sued. The learned trial judge should therefore have affirmed the defendant's point for a binding direction and his refusal so to do requires us to sustain the second assignment of error and reverse the judgment.

Judgment reversed.